UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| WILLIAM BERNARD FREEMAN, Petitioner | CIVIL ACTION NO. 1:18-CV-734-P |
| VERSUS | JUDGE JAMES |
| CHRIS MCCONNELL, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus (28 U.S.C. § 2241) filed by pro se Petitioner William Bernard Freeman ("Freeman") (#25555-064). Freeman is an inmate in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Freeman challenges the calculation of his sentence by the BOP.

Because Freeman cannot meet the requirements of the savings clause, his petition should be dismissed for lack of jurisdiction.

I.  Background

In 2011, Freeman was convicted of bank robbery in federal court. Freeman's sentence was enhanced under the United States Sentencing Guidelines because Freeman had "two prior qualifying felony convictions of either a crime of violence or a controlled substance offense." Freeman's advisory guidelines range was 210 to 240 months of imprisonment. The district court imposed a sentence of 210 months. The United States Court of Appeals for the Tenth Circuit affirmed the sentence. United States v. Freeman, 451 F. App'x 783, 785 (10th Cir. 2011) (unpublished).

Freeman filed a § 2255 motion, which was denied. See United States v. Freeman, 697 F. App'x 605 (10th Cir. 2017).

The Tenth Circuit authorized Freeman to file a successive § 2255 motion because the relevant language of the sentencing guidelines defining "crime of violence" included a residual clause identical to that contained in the Armed Career Criminal Act (the "ACCA"). In Johnson v. United States, 135 S. Ct. 2551, 2563 (2015), the Supreme Court declared that provision of the ACCA unconstitutionally vague. The district court abated proceedings pending the Supreme Court's decision in Beckles v. United States, 137 S. Ct. 886 (2017).

In Beckles, the Supreme Court held that the Sentencing Guidelines are not subject to vagueness challenges under the Due Process Clause. Id. at 890. Based on Beckles, the district court denied Freeman's § 2255 motion. United States v. Freeman, 697 F. App'x 605–606 (10th Cir. 2017). The Tenth Circuit agreed that "a Johnson claim challenging a sentence imposed under U.S.S.G. § 4B1.2, including Freeman's sentence, is squarely foreclosed by Beckles." Id. (citing Beckles, 137 S. Ct. at 892). Therefore, a certificate of appealability was denied. Id.

Freeman has now filed another § 2241 petition, claiming that Johnson was extended by Sessions v. Dimaya, 138 S. Ct. 1204 (2018). Freeman argues that Dimaya entitles him to relief under the savings clause of § 2255.

## II. Law and Analysis

### A. Freeman cannot meet the requirements of the savings clause.

Freeman seeks to proceed under the savings clause of § 2255(e), which provides a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000). The savings clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The burden of affirmatively proving that the § 2255 remedy is inadequate rests with the petitioner. See McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The Fifth Circuit has identified the limited circumstances under which the savings clause of § 2255 applies. A petitioner must demonstrate that: (1) his claims are based on a retroactively applicable Supreme Court decision, which establishes that he may have been convicted of a nonexistent offense; and (2) his claims were foreclosed by circuit law at the time when the claims should have been raised in his trial, appeal, or first § 2255 motion. See Reyes–Requena, 243 F.3d 893, 904 (5th Cir. 2001).

In Dimaya, the Supreme Court held that § 16(b)'s definition of "crime of violence," as used in the Immigration and Nationality Act's crime-based removal provisions, is unconstitutionally vague. Sessions v. Dimaya, 138 S. Ct. 1204 (2018); see also United States v. Godoy, 890 F.3d 531, 533 (5th Cir. 2018) (Section 16(b), the catch-all clause in the definition of "crime of violence," is unconstitutionally vague as

3

used in the INA's criminal-removal provisions). In Johnson, the Supreme Court held that § 924(e)(2)(B)(ii) is unconstitutionally vague. Freeman's sentence was not enhanced under § 924 or the Immigration and Nationality Act, so neither Johnson nor Dimaya provide relief to Freeman. As the sentencing court and Tenth Circuit have concluded, Freeman's challenge to his sentence under the Sentencing Guidelines is precluded by Beckles. United States v. Freeman, 697 F. App'x 605–606 (10th Cir. 2017).

Freeman cannot meet the requirements of the savings clause, and this Court lacks jurisdiction to consider his claim.

## III. Conclusion

For the foregoing reasons, **IT IS RECOMMENDED** that Freeman's § 2241 petition be **DISMISSED** for lack of jurisdiction, with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Freeman's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen

---

[1] Pack v. Yusuff, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without* prejudice regarding all other issues."); Reed v. Young, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished); (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

4

(14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this __7th__ day of August, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge